

733 Summer Street, Suite 304
Stamford, CT 06901
T: 203-992-4523
F: 212-363-7171
www.zlk.com

Shannon L. Hopkins
shopkins@zlk.com

October 11, 2018

**VIA ECF**

Hon. Vanessa Gilmore
United States Courthouse
515 Rusk Ave., Room 5300
Houston, TX 77002

Re: *Abouzied v. Applied Optoelectronics, Inc. et al.,* **No. 4:17-cv-02399 (S.D. Tex.)**

Dear Judge Gilmore,

We represent Lead Plaintiff Lawrence Rougier in the above-referenced action (the "Action"). We write to request a pre-motion conference concerning Plaintiff's anticipated motions for (1) leave to amend the First Amended Complaint (the "FAC," Dkt. 48) and (2) consolidation of this action (the "Action") with two new actions filed in this district (the "New Actions").[1] As explained in Plaintiff's Notice of Related Case, filed concurrently herewith, the New Actions allege that the same Defendants violated the same federal securities laws (Sections 10(b) and 20(a) of the Securities Exchange Act) in connection with recent revelations concerning the same subject matter described in the FAC.

**The Proposed Motion for Leave to Amend**

Leave to amend "shall be granted freely when justice so requires," and may be denied only if the district court has "substantial reason" for doing so. *Hermann Hldgs. Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 566 (5th Cir. 2002), citing Fed. R. Civ. P. 15(a). The SAC would include newly disclosed information confirming the FAC's allegations, and no substantial reason exists here for denial.[2] As the FAC alleges, from February 23, 2017 to February 21, 2018 (the "Class Period"), Defendants concealed the weakness in their "vertically integrated" manufacturing process, which resulted in the immediate failures of, and latent defects in, products sent to AOI's key customers. In particular, as a former AOI employee reported, the coatings on laser chips were "prone to failure within several years" (FAC ¶57) and Amazon, then AOI's largest customer, received transceivers that were defective out of the box (FAC ¶71). Defendants partially disclosed the falsity of their statements concerning vertical integration during the Class Period when they belatedly revealed that AOI had lost business from Amazon.

---

[1] *Taneja v. Applied Optoelectronics, Inc. et al.*, No. 4:18-cv-03544 (S.D. Tex. filed Oct. 1, 2018) (Lake, J.) and *Pokoik v. Applied Optoelectronics, Inc. et al.*, No. 4:18-cv-3722 (S.D. Tex. filed Oct. 10, 2018).
[2] Defendants' counsel in this Action informed Lead Plaintiff's counsel that Defendants would not consent to the filing of a Second Amended Complaint ("SAC") or to a motion to consolidate without first reviewing the proposed SAC.

However, Defendants maintained that its lost sales reflected industry-wide issues, and did not disclose that its defective products caused it to lose Amazon's business.

The proposed Second Amended Complaint ("SAC") would extend the Class Period through September 27, 2018, to account for the new disclosures, which corroborate and expand upon the FAC's allegations. On September 27, 2018, an analyst reported that Facebook (which now accounts for 52% of AOI's revenue) had received transceivers containing laser chips that were prone to long-term failure. Compelled by this report to explain itself, AOI disclosed the next day that "[d]uring the third quarter, we identified an issue with a small percentage of 25G lasers within a specific customer environment" which required the company to "suspend shipments of certain transceivers utilizing these lasers while we worked to gain a deeper understanding of the scope of the issue and implement a solution." As a consequence of what an analyst called "a company-specific quality problem," AOI reportedly is seeking to procure lasers from outside suppliers. AOI's share price plummeted on the news, which contradicted and rendered misleading Defendants' prior representations that vertical integration gave AOI control over product quality and an advantage over competitors.

**The Proposed Motion to Consolidate the Actions**

A court deciding whether to consolidate considers "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Castaenda v. Davis*, 2018 U.S. Dist. LEXIS 121167 at *6 (S.D. Tex. June 24, 2018) (citing Fed. R. Civ. P. 42(a)(2) and collecting cases). These factors favor consolidation here.[3]

The New Actions are pending in this District, assert the same claims against the same defendants, have the same class members and questions of law (federal securities law violations) and fact (misrepresentations concerning AOI's vertically integrated manufacturing), and have the same parties. There is no risk of prejudice to the putative class because the class period and substantive allegations would be expanded in the consolidated case currently pending in this Court. Consolidation now—before decisions on the motion to dismiss in this Action and the appointment of a lead plaintiff in and consolidation of the New Actions—would conserve judicial resources and reduce the cost of discovery, motion practice, and trial.

\* \* \*

Accordingly, Lead Plaintiff respectfully requests a conference with Your Honor as well as the opportunity to submit briefing on the foregoing proposed motions.

---

[3] Plaintiffs' counsel in the New Actions have not yet responded to Lead Plaintiff's request for their position on the proposed motion to consolidate. In any event, "[a] court may order the consolidation of cases despite the opposition of the parties" and "the Court's determination may even take precedence over the desires of counsel." *See In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977).

                    Very truly yours,

                    */s/ Shannon L. Hopkins*

                    Shannon L. Hopkins

cc:    Byron Thomas (via email)
        Counsel of record (via email and ECF)
        Counsel of record in *Taneja v. Applied Optoelectronics, Inc. et al.*, Civil Action No. 4:18-cv-03544 (S.D. Tex.) (via email)
        Counsel of record in *Pokoik v. Applied Optoelectronics, Inc. et al.*, No. 4:18-cv-3722 (S.D. Tex.) (via email)