UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONA ABOUZIED, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>    Defendants. | Civil Action No. 4:17-cv-02399 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF RELATED FILINGS

Applied Optoelectronics, Inc. ("AOI" or the "Company"), Chih-Hsiang (Thompson) Lin, and Stefan J. Murry (collectively, "Defendants") respectfully file this Response to Plaintiff's Notice of Related Filings.[1]

### I. Procedural Background

Plaintiff Mona Abouzied filed the first lawsuit alleging violations of the federal securities laws on August 5, 2017, and that case was later consolidated with a second nearly identical complaint filed by Plaintiff Chad Ludwig. The Court appointed Lawrence Rougier as Lead Plaintiff ("Plaintiff") on January 22, 2018. On March 6, 2018, Plaintiff filed the operative First Consolidated Amended Class Action Complaint (Dkt. No. 48) (the "Complaint" or "CAC"), asserting alleged misrepresentations or omissions under Sections 10(b) and 20(a) of the Exchange Act. Defendants filed a motion to dismiss all claims on April 4, 2018. Plaintiff filed a response

---

[1] Dkt. No. 64 (the "Notice"); *see also* Plaintiff's Request for Pre-Motion Conference (Dkt. No. 65).

1

in opposition to the motion to dismiss on May 4, 2018, and briefing was completed on May 21, 2018.

Now, six months after Defendants filed their motion to dismiss, Plaintiff seeks leave to amend the Complaint to consolidate this action with two newly-filed securities cases (the "New Actions"). But Defendants' pending motion to dismiss is ripe for review, and it would be a waste of the parties' and the Court's efforts to date to consolidate this case with the New Actions and restart the motion to dismiss process. Defendants thus request that this Court rule on the pending motion to dismiss and deny Plaintiff's request.

## II.  Plaintiff's Notice of Related Filings

In the Notice, Plaintiff alleges that the New Actions "involve the same claims against the same named defendants, and involve the same subject matter that comprises all or a material part of the subject matter and operative facts which are involved in the present action." Notice at 1. While the New Actions involve the same named Defendants and include claims that arise pursuant to the federal securities laws, the subject matter of the claims alleged in the New Actions is distinct and separate from the allegations underlying this litigation.

The Complaint in this action is based on Plaintiff's allegations about the Company's public statements regarding its "ability to transition [from 40G to 100G] transceivers and the future revenue it would get from sales of those transceivers to its largest customer, Amazon." CAC ¶ 4. According to Plaintiff, Defendants allegedly knew at the beginning of the Class Period (i.e., in February 2017) that "Amazon had decreased its projected sales and AOI was scrambling to remediate pressing operational challenges associated with the transition to 100G technology." CAC ¶ 6. Plaintiff alleges that the truth was revealed when the Company disclosed the decline in Amazon's demand on three separate dates, the last of which was in February 2018. CAC ¶¶ 168–72. The Class Period in this action is February 23, 2017 through February 21, 2018. CAC at 1.

By contrast, the New Actions take issue with the Company's disclosure in September 2018 that it was cutting its revenue guidance for the third quarter 2018 based on a product quality issue with a small percentage of 25G lasers for a specific customer. The class period in the New Actions is August 7, 2018 to September 27, 2018. Unlike the allegations in this case, the New Actions do not concern Amazon's allegedly declining sales forecasts, AOI's vertical integration model, or demand for its 40G products. In fact, the only similarity between the allegations underlying the Complaint in this litigation and those underlying the New Actions is that both generally relate to sales of different versions of the Company's transceivers.

The fact that AOI disclosed an issue—which has since been resolved—with less than one percent of certain 25G lasers within a single customer environment in September 2018 has no relation to whether the Company allegedly misrepresented its expected sales to Amazon back in February 2017. Accordingly, the allegations in the New Actions are not "the exact same allegations," Notice at 3, as those underlying the Complaint in this action.

Because the allegations in the New Actions are separate and distinct from those at issue in this case, the Court should deny Plaintiff's proposed motions for leave to amend and to consolidate and rule on Defendants' fully-briefed motion to dismiss. Allowing Plaintiff to reformulate his claims and bootstrap this litigation to the New Actions in an attempt to cure the pleading deficiencies in the Complaint would result in prejudice to Defendants, who have been engaged in this litigation for over a year.

Additionally, Plaintiff has not demonstrated that he would be a class member in the New Actions (i.e., that he purchased or sold AOI stock between August 7, 2018 and September 27, 2018). Thus, there is no indication that Plaintiff would be an adequate representative for the putative classes contemplated by the New Actions, and there is no basis for Plaintiff to amend the

Complaint to incorporate unrelated claims that have allegedly impacted different classes of shareholders.

**III. Conclusion**

The Complaint in this action fails to plead a claim for securities fraud and should be dismissed. The Court should not allow Plaintiff another bite at the apple simply because other shareholders have filed new actions based on new facts against the same Defendants. Defendants respectfully request that the Court deny Plaintiff's requested relief and issue a ruling on the pending motion to dismiss.

Dated: November 1, 2018

Respectfully submitted,

VINSON & ELKINS LLP

  */s/ Jeffrey S. Johnston*

Michael C. Holmes
  Texas Bar No. 24002307
  Southern District Bar No. 23716
Jeffrey S. Johnston
  Texas Bar No. 24002368
  Southern District Bar No. 22089
Allison L. Fuller
  Texas Bar No. 24087547
  Southern District Bar No. 3096698
1001 Fannin Street, Suite 2500
Houston, TX 77002
Telephone: 713.758.2825
Facsimile: 713.615.5928
mholmes@velaw.com
jjohnston@velaw.com
afuller@velaw.com

        Amy T. Perry
          Texas Bar No. 24068623
          Southern District Bar No. 1171440
        Emily S. Johnson
          Texas Bar No. 24101970
          Southern District Bar No. 3160189
        2001 Ross Avenue, Suite 3700
        Dallas, TX 75201
        Telephone: 214.220.7817
        Facsimile: 214.999.7817
        aperry@velaw.com
        ejohnson@velaw.com

        ***Counsel for Defendants Applied Optoelectronics, Inc., Chih-Hsiang (Thompson) Lin, and Stefan J. Murry***

## **CERTIFICATE OF SERVICE**

I certify that on the 1st day of November 2018, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

                                          */s/ Allison L. Fuller*
                                          Allison L. Fuller