## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MONA ABOUZIED, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br><br>Defendants. | Case No. 4:17-cv-02399 |
| GAURAV TANEJA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br><br>Defendants. | Case No. 4:18-cv-3544 |
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br><br>Defendants. | Case No. 4:18-cv-3722 |

|  |  |
|---|---|
| STEPHEN MCGRATH, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>              Defendants. | Case No. 4:18-cv-3914 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LAWRENCE <u>ROUGIER FOR CONSOLIDATION OF RELATED ACTIONS</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     SUMMARY OF ARGUMENT ................................................................................... 4

III.    NATURE AND STAGE OF PROCEEDINGS .......................................................... 6

IV.     STATEMENT OF THE ISSUES ............................................................................... 7

V.      LEGAL STANDARDS ............................................................................................. 7

   A.   Consolidation ...................................................................................................... 7

   B.   The Striking of Subsequent Lead Plaintiff Notice ............................................. 8

VI.     ARGUMENT ............................................................................................................. 8

   A.   The Related Actions Should Be Consolidated With the Consolidated Securities Action ... 8

      1.   The Actions Are Pending Against the Same Defendants in the Same District (Factors 1 and 2) .................................................................................. 9

      2.   The Related Actions Concern the Same Allegations and Statutory Claims as the Consolidated Securities Action  (Factor 3) ...................................... 9

      3.   Consolidation Poses No Risk of Prejudice or Confusion  (Factor 4) ............................ 12

      4.   Consolidation Will Greatly Reduce Time, Resources, and Judicial Expense (Factor 5) 12

   B.   The *Taneja* Notice Is Unnecessary and the November 30, 2018 Lead Plaintiff Deadline Should Be Stricken ............................................................................... 13

VII.    CONCLUSION ......................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Cases**

*Aydin v. Signet Jewelers Limited, et al.*,
  No. 1:17-cv-09853-RWS (S.D.N.Y.) ................................................................. 15

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ..................................................................... 10

*Bolbol v. City of Daly City*,
  754 F. Supp. 2d 1095 (N.D. Cal. 2010) .............................................................. 9

*Cheney v. Cyberguard Corp.*,
  213 F.R.D. 484 (S.D. Fla. 2003) ..................................................................... 15

*City of Westland Police and Fire Retirement System v. Philip Morris International Inc. et al.*,
  Case No. 1:18-cv-08049-RA (S.D.N.Y) .............................................................. 11

*Craig v. Centurylink Inc.*,
  No. 3:17-CV-01005, 2017 U.S. Dist. LEXIS 174512 (W.D. La. Oct. 19, 2017) ..................... 10

*Firefighters Pension & Relief Fund v. Bulmahn*,
  No. 13-3935, 2014 U.S. Dist. LEXIS 136175 (E.D. La. Sep. 26, 2014) ............................ 13

*In re Air Crash Disaster at Fla. Everglades*,
  549 F.2d 1006 (5th Cir. 1977) ........................................................................ 9

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
  No. 09 MDL 2058 (DC), 2010 U.S. Dist. LEXIS 37799 (S.D.N.Y. Apr. 9, 2010) ........ 4, 11, 13

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) ................................................................ 7

*In re Enron Corp. Sec., Derivative ERISA Litig.*,
  No. MDL-1446, 2007 U.S. Dist. LEXIS 8812 (S.D. Tex. Feb. 7, 2007) ............................. 8

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
  No. H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ..................... 14

*In re ShengdaTech, Inc. Secs. Litig.*,
  Case No. 11-CV-1918 (TPG), 2011 U.S. Dist. LEXIS 141695 (S.D.N.Y. Dec. 6, 2011).... 6, 14

*In re Signet Jewelers Ltd Sec. Litig.*,
  No. 1:16-cv-06728-JMF, ECF No. 100 (S.D.N.Y. Jan. 7, 2018)...................................... 11, 15

*In re Sunbeam Sec. Litig.*,
  No. 98-8258, 1998 U.S. Dist. LEXIS 21490 (S.D. Fla. Dec. 4, 1998) ............................. 11, 14

*In re Thornburg Mortg., Inc., Sec. Litig.*,
  629 F. Supp. 2d 1233 (D.N.M. 2009) ........................................................... 5, 8, 15

*In re UBS AG Sec. Litig.*,
  07-cv-11225-RJS, Order, Dkt. No. 97 (S.D.N.Y. Apr. 7, 2009) .............................. 14

*In re Universal Access, Inc.*,
  209 F.R.D. 379 (E.D. Tex. 2002) ..................................................................... 9

*In re Vivendi Universal, S.A. Sec. Litig.*,
  242 F.R.D. 76 (S.D.N.Y. 2007) ....................................................................... 14

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................... 13

*Lafrance v. City of New Orleans*,
  No. 16-14439, 2017 U.S. Dist. LEXIS 150446 (E.D. La. June 19, 2017) ................ 9

*Mills v. Beech Aircraft Corp.*,
  886 F.2d 758 (5th Cir. 1989) ........................................................................... 7

*Mitchell v. Complete Mgmt., Inc.*,
  No. 99-CV-1454-DAB, 1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999) ....... 7

*Pemex Exploración y Producción v. BASF Corp.*,
  No. H-10-1997, 2011 U.S. Dist. LEXIS 160512 (S.D. Tex. Oct. 4, 2011) .......... 12, 13

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
  275 F.R.D. 187 (S.D.N.Y. 2011) ..................................................................... 9

*Stitt v. On Deck Capital, Inc.*,
  No. 15-CV-6126-AT, 2016 U.S. Dist. LEXIS 30507 (S.D.N.Y. Feb. 17, 2016) ....... 10

**Statutes**

15 U.S.C. §78j ............................................................................................. 5

15 U.S.C. §78t ............................................................................................. 5

15 U.S.C. §78u-4(a)(3)(A)(i)-(ii) ....................................................................... 8

15 U.S.C. §78u-4(a)(3)(A)(i)(II) ....................................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(ii) ................................................................. 4, 5, 7, 14

**Other Authorities**

Private Securities Litigation Reform Act ........................................................ passim

Securities and Exchange Act of 1934 ................................................................ 5, 6, 9, 10

**Rules**

Fed. R. Civ. P. 42(a) ............................................................................... passim

Court-appointed Lead Plaintiff Lawrence Rougier ("Rougier" or "Lead Plaintiff") respectfully submits this Memorandum of Law in support of his Motion to:

1. Consolidate *Taneja v. Applied Optoelectronics, Inc. et al.*, Case No. 4:18-cv-03544-SL (S.D. Tex.) (the "*Taneja* Action"), *Pokoik v. Applied Optoelectronics, Inc. et al.*, Case No. 4:18-cv-03722-LR (S.D. Tex.) (the "*Pokoik* Action"), and *McGrath v. Applied Optoelectronics, Inc. et al.*, Case No. 4:18-cv-03914-SL (S.D. Tex.) (the "*McGrath* Action") (altogether the "Related Actions"),[1] with the above-captioned consolidated securities class action (the "Consolidated Securities Action")[2] pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Strike the November 30, 2018 lead plaintiff deadline purportedly triggered by the notice of pendency of the Related Actions, published on October 1, 2018 (the "*Taneja* Notice");[3]

3. Declare any motions seeking appointment as lead plaintiff filed in response to the *Taneja* Notice invalid; and

4. Require publication of a corrected notice explaining that a lead plaintiff has already been appointed as of January 22, 2018.[4]

## I.    INTRODUCTION

Pursuant to the Court's Order[5], (Dkt. No. 47), on March 6, 2018, Lead Plaintiff filed his

First Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws

("FAC"). *See* McKey Decl. at Ex. B. The FAC was brought on behalf of all persons or entities

---

[1] The complaints filed in the Related Actions are nearly identical. They all: (1) allege a class period of August 7, 2018 through September 27, 2018, inclusive; (2) are brought against Applied Optoelectronics, Inc. ("AOI" or the "Company"), Chih-Hsiang (Thompson) Lin ("Lin"), and Stefan J. Murry ("Murry"); (3) allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"); and (4) allege, generally, that AOI misled investors about the quality of certain of its lasers. *See* Declaration of Jamie McKey ("McKey Decl."), Ex. A Complaints in the Related Actions (the "Related Complaints").

[2] On January 22, 2018, the Court appointed Mr. Rougier Lead Plaintiff and consolidated *Ludwig v. Applied Optoelectronics, Inc.*, *et al.*, Case No. 4:17-cv-02399 (S.D. Tex.) with *Abouzied v. Applied Optoelectronics*, *Inc.*, *et al.*, Case No. 4:17-cv-02399 (S.D. Tex.). *See Abouzied v. Applied Optoelectronics, Inc.,* No. 4:17-CV-2399, 2018 U.S. Dist. LEXIS 16801, at *2 (S.D. Tex. Jan. 22, 2018).

[3] McKey Decl. at Ex. F.

[4] McKey Decl. at Ex. E.

[5] Order Granting Lead Plaintiff's Unopposed Motion for An Extension of Time to File an Amended, Consolidated Complaint and Associated Filings.

who purchased or otherwise acquired the publicly traded common stock and/or call options of Applied Optoelectronics, Inc. ("AOI" or the "Company") or sold put options of AOI from February 23, 2017 through February 21, 2018, both dates inclusive, (the "Current Class Period") and were damaged thereby. *Id.* at 1. The FAC alleges that Defendants engaged in a scheme to mislead investors by touting AOI's internal "vertically integrated" manufacturing process as providing AOI with a decisive competitive advantage to "quickly transition production between 40G and 100G products" with a "faster time to market and the ability to quickly scale and adjust throughout to meet growing demand" at a lower cost and with better quality control. *Id.* at ¶3. All the while, Defendants concealed from investors that the 25G laser chips that comprised the 100G transceiver suffered from latent defects that caused it to fail after short periods of use and quality control issues resulting in low yield and AOI shipping faulty transceivers to its customers, including its largest customer—Amazon. *Id.* at ¶71. Thus, AOI was not able to quickly transition from 40G to 100G transceivers and scale up to meet demand, as represented.

The FAC further alleges that the truth about AOI's manufacturing and defective 25G laser chips and 100G transceivers trickled out over several partially corrective disclosures. AOI initially disclosed a loss of business to Amazon on August 3, 2017, but falsely attributed the collapse to a "recent development" of Amazon's "softer than expected demand" for 40G transceivers, rather than an "AOI-specific" problem and promised an offsetting increase in 100G sales. *Id.* at ¶¶77, 125, 139. Then, in October 2017, AOI disclosed that Amazon's decline in demand extended to both 40G *and* 100G transceivers, not just the 40Gs AOI claimed in August 2017. *Id.* at ¶¶170-71. Finally, in February 2018, AOI disclosed that the Company's issues were not actually due to Amazon's slow transition but, rather to undisclosed issues on AOI's side. *Id.* at ¶¶149-53. Each

of these alleged corrective disclosures caused a material decline in AOI's stock price. *Id.* at ¶¶80, 82, 89.

Lead Plaintiff, in his forthcoming Proposed Second Consolidated Class Action Complaint (the "Proposed SAC") asserts an extended Class Period from February 23, 2017 through November 7, 2018, both dates inclusive, (the "Proposed Class Period") and alleges that the same manufacturing problems relating to the same defective 25G laser chips and defective 100G transceivers alleged in the FAC that caused Amazon to go elsewhere also caused product quality defects and delayed shipments to Facebook a few months later when AOI suspended shipments to Facebook in Q3 2018 and Facebook sales dropped off to nil. The impact of the product and manufacturing issues specifically relating to Facebook came to light when, on September 27, 2018, Loop Capital Markets reported that "AAOI is having product quality issues in 100G CWDM4 transceivers" and on September 28, 2018, when AOI admitted that "we identified an issue with a small percentage of 25G lasers within a specific customer [later identified as Facebook] environment" and slashed its expected third quarter 2018 revenue guidance to $55-58 million from $82-92 million, or about 37%.[6] *See* McKey Decl. at Ex. C (9/27/2018 Loop Capital Markets Report). These revelations confirm the 25G laser chip issues with the 100G transceivers alleged in Lead Plaintiff's FAC filed in March 2018.

Then, on November 1, 2018, Jun Zhang, an analyst at Rosenblatt, reported that Defendants drastically understated the materiality and effect of AOI's admitted 25G laser chip issues stating that AOI would not be able to ship anymore product to Facebook. McKey Decl. at Ex. D (StreetInsider.com Article Quoting Rosenblatt Report on AOI) ("AAOI will not be able to continue shipping to Facebook, resulting in the company's revenues from Facebook being very small in

---

[6] September 28, 2018 Press Release, *available at* http://investors.ao-inc.com/news-releases/news-release-details/applied-optoelectronics-updates-third-quarter-2018-revenue

Q4."). AOI would confirm the Rosenblatt Report on November 7, 2018 when it stated "our third quarter results were impacted by a temporary delay in 100G transceiver shipments to a datacenter customer, *we remain encouraged by the demand we are experiencing with our other top datacenter customers*." AOI also reported total revenue of $56.4 million, down from $88.9 million in the third quarter of 2017 and a net loss of $0.19 per diluted share.[7]

Lead Plaintiff, through this motion, seeks to consolidate the Related Actions with the Consolidated Securities Action while simultaneously in a separate, forthcoming motion seeks leave to amend his FAC and file his Proposed SAC.  The Proposed SAC expands the Current Class Period forward to include the class period alleged in the Related Actions and to also include allegations in the Related Actions, as well as the more recent events, revelations and corrective disclosures, described above, all of which directly relate to the FAC's allegations.[8]

## II.    SUMMARY OF ARGUMENT

The Private Securities Litigation Reform Act ("PSLRA") provides a strict statutory procedure for the consolidation of related actions and the appointment of a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Once appointed, the lead plaintiff has broad authority over the prosecution of that action. *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.,* No. 09 MDL 2058 (DC), 2010 U.S. Dist. LEXIS 37799, at *6 (S.D.N.Y. Apr. 9, 2010) ("a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead

---

[7] November 7, 2018 Press Release, *available online at* http://investors.ao-inc.com/news-releases/news-release-details/applied-optoelectronics-reports-third-quarter-2018-results

[8] AOI's third quarter earnings were released and its conference call was held on November 7, 2018 after market close.  The third quarter announcement addressed the Company's recent admissions and third parties' revelations which serve as corrective disclosures in the Proposed SAC. Accordingly, Lead Plaintiff determined that it would be most prudent to file the Proposed SAC after the Q3 2018 earnings announcement to provide the most fulsome and current complaint possible.  Accordingly, Lead Plaintiff intends to file his motion for leave to amend the FAC and file his proposed SAC on November 8, 2018.

plaintiff's authority to decide what claims to assert on behalf of the class."). Here, Mr. Rougier is the properly-appointed Lead Plaintiff with authority over all similar actions against AOI.

Mr. Rougier, exercising his duties and authority as Lead Plaintiff, asserts that consolidation of the Related Actions with the Consolidated Securities Action is necessary and appropriate because the Related Actions assert the same claims under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §78j (the "Exchange Act") and 15 U.S.C. §78t, and Rule 10b-5 promulgated thereunder against the same defendants arising from the same underlying facts on behalf of the same, as well as a much broader class, of AOI shareholders, as alleged in the Proposed SAC.   Thus, the Consolidated Securities Action and the Related Actions involve "common question[s] of law or fact" and should be consolidated. Fed. R. Civ. P. 42(a).

Lead Plaintiff also requests that the Court strike the *Taneja* Notice and the second PLSRA deadline as the lead plaintiff process is complete and Mr. Rougier has been properly appointed to represent AOI stockholders. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii) (only plaintiff in first-filed action need publish notice). As discussed herein, Mr. Rougier is simultaneously moving to amend the FAC to extend the Current Class Period to November 7, 2018 and include allegations asserted in the Related Actions that directly relate to those asserted in the FAC—rendering the November 30, 2018 lead plaintiff deadline unnecessary. Courts have "widely recognized that the intent of the PSLRA is to have the most adequate lead plaintiff[] appointed as soon as practicable in the litigation, and that ***the filing of subsequent actions alleging different class periods does not require publication of new notice or start a new 60-day period*** for the filing of motions to appoint lead plaintiff or lead counsel." *In re Thornburg Mortg., Inc., Sec. Litig.*, 629 F. Supp. 2d 1233, 1240 (D.N.M. 2009) (internal citations omitted) (emphasis added).[9] Moreover, it would undermine

---

[9] Unless otherwise specified, all internal citations are omitted and emphasis is added.

the purpose of the PSLRA if a new lead plaintiff process started every time there was a new revelation of fraud. *In re ShengdaTech, Inc. Secs. Litig.*, Case No. 11-CV-1918 (TPG), 2011 U.S. Dist. LEXIS 141695, at *8 (S.D.N.Y. Dec. 6, 2011) (courts "disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action").

Accordingly, Lead Plaintiff respectfully requests that the Court strike the November 30, 2018 lead plaintiff deadline set forth in the *Taneja* Notice and declare any lead plaintiff motion filed in response to that notice to be untimely and ineffective under the 60-day deadline imposed by the PSLRA. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Lead Plaintiff further requests that the Court order publication of a corrected notice to prevent confusion by class members. For these reasons, discussed more fully below, Mr. Rougier's motion should be granted.

## III.    NATURE AND STAGE OF PROCEEDINGS

The first complaint in this action was filed by Plaintiff Mona Abouzied on August 5, 2017 and several related actions were filed thereafter. On January 22, 2018, the Court appointed Mr. Rougier as Lead Plaintiff. On March 6, 2018, Mr. Rougier filed the FAC seeking damages to recover for Defendants' violations of the Exchange Act. Defendants moved to dismiss the FAC on April 4, 2018, to which Lead Plaintiff opposed on May 4, 2018, and Defendants replied in further support of on May 21, 2018. On October 11, 2018, Lead Plaintiff filed a Notice of Related Cases, (Dkt. No. 64), informing the Court of the Related Actions and requesting a pre-motion conference. On October 26, 2018, the Court granted Lead Plaintiff permission to file the instant motion and a Motion for Leave to Amend the FAC.  On November 1, 2018, Defendants filed a Response to Plaintiff's Notice of Related Filings. Dkt. No. 66. Lead Plaintiff intends to file his motion for leave to amend his FAC on November 8, 2018, after AOI's Q3 2018 earnings call on November 7, 2018.

## IV.    STATEMENT OF THE ISSUES

1.    Whether the Related Actions should be consolidated with the Consolidated Securities Action.

2.    Whether the *Taneja* Notice should be declared improper and the November 30, 2018 deadline stricken, pursuant to Federal Rule of Civil Procedure 42 and the PSLRA, 15 U.S.C. §78u-4.

3.    Whether the Court should order publication of a corrected class notice.

## V.    LEGAL STANDARDS

### A.  Consolidation

The PSLRA mandates that district courts consolidate securities class actions if there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. §78u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure grants a district court "broad discretion" to consolidate two or more cases involving "common questions of law and fact" to avoid unnecessary costs or delay. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (consolidation appropriate where "substantial commonalities" exist between cases with "overlapping defendants and a common core of facts and legal issues", even despite "significant differences"). Consolidation is especially appropriate in securities actions where reliance on public reports and filings forms the basis of the separate actions. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454-DAB, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports'

consolidation is appropriate….”).   When considering consolidation, courts in the Fifth Circuit weigh:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*In re Enron Corp. Sec., Derivative ERISA Litig.*, No. MDL-1446, 2007 U.S. Dist. LEXIS 8812, at *4 (S.D. Tex. Feb. 7, 2007).   As discussed in the Argument section below, each of these factors weighs in favor of consolidation.

### B.  The Striking of Subsequent Lead Plaintiff Notice

Pursuant to the PSLRA, only the plaintiff "in the first filed action" need "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice" advising class members of the pendency of the action. 15 U.S.C. §78u-4(a)(3)(A)(i)-(ii). Courts "have widely recognized that the intent of the PSLRA is to have the most adequate lead plaintiffs appointed as soon as practicable in the litigation, and that filing of subsequent actions alleging different class periods does not require publication of new notice or start a new 60-day period for the filing of motions to appoint lead plaintiff or lead counsel." *In re Thornburg Mortg., Inc., Sec. Litig.*, 629 F. Supp. 2d at 1240.

## VI.   ARGUMENT

### A.  The Related Actions Should Be Consolidated With the Consolidated Securities Action

The Related Actions and the Consolidated Securities Action should be consolidated because they involve common questions of law and fact. Moreover, proceeding with one consolidated action would serve judicial economy and protect a much broader and inclusive class

of AOI investors. *See In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977) (district judges in the Fifth Circuit "urged to make good use of Rule 42(a)…to expedite the trial and eliminate unnecessary repetition and confusion").

### 1. The Actions Are Pending Against the Same Defendants in the Same District (Factors 1 and 2)

Consolidation is appropriate here because the Defendants in the Related Actions—AOI, Lin, and Murry—are identical to those in the Consolidated Securities Action, and both the Related Actions and the Consolidated Securities Action are pending in this District. *See Lafrance v. City of New Orleans*, No. 16-14439, 2017 U.S. Dist. LEXIS 150446, at *13 (E.D. La. June 19, 2017) (ordering consolidation where there is "near-perfect overlap between the defendants") (citing *Bolbol v. City of Daly City*, 754 F. Supp. 2d 1095, 1118-1119 (N.D. Cal. 2010) (consolidating cases asserting "substantially the same claims against the same defendants"); *see also Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation appropriate where same course of conduct alleged against "overlapping defendants"); *In re Universal Access, Inc.*, 209 F.R.D. 379, 382 (E.D. Tex. 2002) (consolidation appropriate where claims made against same defendants).

### 2. The Related Actions Concern the Same Allegations and Statutory Claims as the Consolidated Securities Action (Factor 3)

It is undisputed that the Related Actions and the Proposed SAC assert similar claims under Sections 10(b) and 20(a) of the Exchange Act against the same Defendants alleging defendants made materially false and misleading statements about AOI's faulty vertical integration manufacturing process, declining customer demand and defective 25G laser chips that damaged shareholders when the truth was revealed and AOI's share price declined. McKey Decl. Ex. A, (Related Complaints) at ¶¶1, 3-8, Ex. B, (Amended Complaint) at ¶¶19-20. Moreover, the

Proposed Class Period in the Proposed SAC (February 23, 2017 – November 7, 2018) *fully encompasses* the much shorter class period alleged in the Related Actions (August 7, 2018 - September 28, 2018). *See* McKey Decl., Ex. A, (Related Complaints) at ¶1; Ex. B, (Amended Complaint) at ¶¶149-53. In reality, the allegations in the Related Actions are simply a further corrective disclosure of the alleged misconduct asserted in the FAC. The September 27, 2018 Loop Capital Markets Report and September 28, 2018 AOI admission revealed that the undisclosed failures of AOI's vertically integrated manufacturing process and resulting defective 25G laser ships and 100G transceivers persisted not only throughout the Current Class Period (when AOI lost Amazon sales as a result), but also into the present day, such that AOI similarly shipped defective 100G transceivers to Facebook, causing sales from Facebook to substantially decline.

Courts routinely consolidate cases where, as here, the Related Actions and the Consolidated Securities Action are predicated on the same conduct and have nearly identical common issues of law and fact. *See, e.g., Craig v. Centurylink Inc.,* No. 3:17-CV-01005, 2017 U.S. Dist. LEXIS 174512, at *7 (W.D. La. Oct. 19, 2017) (consolidating cases finding common issues of law and fact where allegations center on "whether Defendants fraudulently inflated their stock prices . . . in violation of [Exchange Act]"); *Stitt v. On Deck Capital, Inc.,* No. 15-CV-6126-AT, 2016 U.S. Dist. LEXIS 30507, at *5 (S.D.N.Y. Feb. 17, 2016) (consolidating actions alleging the "same violations of the Exchange Act"); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (claims brought under Securities Act of 1933 and Exchange Act are "well-suited for consolidation"); *Stitt*, 2016 U.S. Dist. LEXIS 30507, at *5 (consolidation appropriate where actions "based on the same conduct").

Moreover, courts faced with a nearly identical situation to here routinely consolidate later filed actions where the later actions, as here, are merely a continuation of the same fraudulent

conduct alleged in the original case and the original lead plaintiff seek to amend to include the subsequent disclosures. *See, e.g., In re Sunbeam Sec. Litig.*, No. 98-8258, 1998 U.S. Dist. LEXIS 21490, at *8 (S.D. Fla. Dec. 4, 1998) (ordering consolidation of later-filed securities action where forthcoming amended complaint will include a "class period that encompasses the periods of both" the consolidated action and later action); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09 MDL 2058 (DC), 2010 U.S. Dist. LEXIS 37799, at *2 (S.D.N.Y. Apr. 9, 2010) (ordering consolidation of three later-filed class actions with earlier class action of which lead plaintiff was appointed months earlier); *In re Signet Jewelers Ltd Sec. Litig.*, No. 1:16-cv-06728-JMF, ECF No. 100 (S.D.N.Y. Jan. 7, 2018) (ordering consolidation of new action, vacating new PSLRA notice, and ordering lead plaintiff in original consolidated action to publish corrective notice where new action based entirely on corrective disclosure in original consolidation action).

Indeed, as Pomerantz LLP ("Pomerantz"), counsel for the plaintiff in the *Pokoik* Action recently argued in *City of Westland Police and Fire Retirement System v. Philip Morris International Inc. et al*., Case No. 1:18-cv-08049-RA (S.D.N.Y), the filing of a related action months after the lead plaintiff deadline in a previous class action is an "improper attempt to game the PSLRA process." *See* McKey Decl., Ex. G (Memorandum of Law in Support of Intervention and Stay of PSLRA Lead Plaintiff Deadline).[10]

---

[10] The situation in *City of Westland Police and Fire Retirement System v. Philip Morris International Inc. et al*., Case No. 1:18-cv-08049-RA (S.D.N.Y) is similar to that here as a proposed lead plaintiff intervened in a newly-filed action that was "merely a continuation of the same fraudulently conduct alleged in the [original action]". Pomerantz argued persuasively that courts "routinely reject efforts to 'restart' the Lead Plaintiff appointment process by the filing of new complaints alleging nearly identical claims against the same defendants." *Id.* at pp. 10

### 3. Consolidation Poses No Risk of Prejudice or Confusion (Factor 4)

There is no risk of prejudice or confusion from the consolidation of the Related Actions with the Consolidated Securities Action. To the contrary, consolidation will reduce the risk of prejudice or confusion, as the litigation will be centralized through one action and under one lead plaintiff, thus reducing the risk of inconsistent adjudications. In addition, both the Related Actions and the Consolidated Securities Action are in the early stages of litigation, before any decision on a motion to dismiss or discovery has commenced. *See Pemex Exploración y Producción v. BASF Corp.,* No. H-10-1997, 2011 U.S. Dist. LEXIS 160512, at *21 (S.D. Tex. Oct. 4, 2011) (consolidation appropriate where both in early stages and "any prejudice caused by delay arising from consolidation will be slight"). Thus, there can be no real prejudice to defendants.[11]

If anything, AOI's shareholders who purchased AOI stock during the period February 7, 2018 to August 6, 2018 are the ones who would be prejudiced.

### 4. Consolidation Will Greatly Reduce Time, Resources, and Judicial Expense (Factor 5)

Consolidation is appropriate to reduce the time, resources, and judicial expense required to litigate the Related Actions. It makes little sense for the Related Actions against AOI to begin anew from the lead plaintiff stage when the Consolidated Securities Action already has a Lead Plaintiff who, through counsel, has: (1) reviewed AOI's press releases, conference calls, and SEC filings; (2) conducted confidential witness interviews (and gathered information relevant to the allegations in the Related Actions); (3) drafted and filed a FAC and SAC; and (4) researched and

---

[11] In their response to Plaintiff's Notice of Related case, Defendants mischaracterize and seek to narrow the FAC's allegations to being solely about one customer—Amazon—and its changing demand for AOI's transceivers. Defendants' self-serving motive, before even seeing a draft of the proposed amendment, is clear. They seek to eliminate any damages claims during the gap period of nearly six months from February 22, 2018 (the day after the last day of the Current Class Period) to August 6, 2018 (the day before the start of the class period in the Related Actions).

filed an opposition to Defendants' motion to dismiss the FAC. Moreover, it would be a waste of the judiciary's time to maintain a duplicative, separate action, the totality of whose allegations represent merely a continuation of the fraudulent scheme alleged by Mr. Rougier. If both actions were to proceed, the parties and the judicial system would be burdened by significant overlaps in discovery including similar requests for documents and interrogatory responses and depositions of the same witnesses on the same topics. *See Firefighters Pension & Relief Fund v. Bulmahn*, No. 13-3935, 2014 U.S. Dist. LEXIS 136175, at *14-15 (E.D. La. Sep. 26, 2014) (significant overlap between claims weighs in favor of consolidation to "***save significant time and effort, especially with regard to discovery***"); *Pemex Exploración y Producción*, 2011 U.S. Dist. LEXIS 160512, at *21 ("witnesses in the two actions are likely to be identical and would have to be deposed twice if the actions were not consolidated").

Finally, considerable cost and expense would be incurred by all involved if the Related Actions and the Consolidated Securities Action were to proceed to discovery and trial. *Id*.; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (it is "well recognized" that "consolidation of stockholders suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs"). Accordingly, each of the five factors considered by courts in this Circuit weighs in favor of consolidation of the Related Actions with the Consolidation Securities Action pursuant to Rule 42(a).

### B. The *Taneja* Notice Is Unnecessary and the November 30, 2018 Lead Plaintiff Deadline Should Be Stricken

The *Taneja* Notice and the new lead plaintiff deadline are unnecessary and both should be set aside. As discussed above, the Related Actions and the Proposed SAC in the Consolidated Securities Action largely overlap and are based upon the same legal theories against the same parties. Mr. Rougier, as the properly-appointed Lead Plaintiff, is vested with the authority to

prosecute all related claims and has concurrently indicated to the Court that he intends to amend the FAC to include additional allegations regarding AOI's most recent disclosures and corresponding stock drops—rendering the Related Actions wholly unnecessary. *Bank of Am.*, 2010 U.S. Dist. LEXIS 37799, at *6 (in face of later-filed securities actions "a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class.").

It is well-settled that where, as here, the lead plaintiff seeks to amend the complaint to include new related corrective disclosures, that the lead plaintiff process should not be reopened and a separate notice is not required. *See, e.g., In re Sunbeam Sec. Litig.*, 1998 U.S. Dist. LEXIS 21490, at *5, n. 2 (noting with approval that to-be-filed amended complaint will include allegations from original and new actions and holding that "filing of subsequent actions alleging different class periods [does] not require publication of new notices"); *In re UBS AG Sec. Litig.*, No. 07-cv-11225-RJS, Order, Dkt. No. 97 (S.D.N.Y. Apr. 7, 2009) (rejecting request to maintain separate class action based on new disclosures and consolidating action under leadership of previously appointed lead plaintiff).[12]

Indeed, it would undermine the purpose of the PSLRA if a new lead plaintiff process started every time there was a new revelation of fraud. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii) ("[a]s soon as

---

[12] In addition, Mr. Rougier has standing to assert claims on behalf of shareholders who made purchases later in the Proposed Class Period as the damages suffered are a continuation of the same fraudulent course of conduct that inflated AOI's share price since the beginning of the Current Class Period. *See In re Plains All Am. Pipeline, L.P. Sec. Litig.*, No. H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811, at *15-16 (S.D. Tex. Dec. 7, 2015) (rejecting argument that lead plaintiff who only purchased shares in final eight months of two year class period "would not pursue claims throughout the entire class period" as a "lead plaintiff owes a fiduciary duty to the class"); *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 87 (S.D.N.Y. 2007) (with respect to standing "it is well established that where, as here, plaintiffs allege that their losses were the result of a sustained course of conduct that propped up defendant's stock price throughout the class period, the class may be represented by an individual who purchased his shares prior to the close of the class period").

practicable . . . the court shall appoint the most adequate plaintiff as lead plaintiff"); *In re ShengdaTech, Inc. Secs. Litig.*, 2011 U.S. Dist. LEXIS 141695, at *8 (courts "disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action"); *see also Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) ("filing of subsequent actions alleging different class periods does not require republication of new notice ***or start a new 60-day period for the filing of motions to appoint lead plaintiff***."); *Thornburg*, 629 F. Supp. 2d, at 1240-42 (finding republication of notice unnecessary where new claims "follow naturally from the initial claims.").[13]

For these reasons, the Court should strike the purported deadline for seeking appointment as lead plaintiff in the Related Actions and declare ineffective any motions seeking appointment as lead plaintiff in the Related Actions. Further, to prevent any confusion on behalf of AOI shareholders, Lead Plaintiff requests that the Court order publication of a corrected notice that informs investors of Mr. Rougier's status as Lead Plaintiff. *See* McKey Decl., Ex. E, (Proposed Notice).

---

[13] The law firm of Glancy Prongay & Murray LLP ("GP&M"), counsel for plaintiff in the *Taneja* Action, well knows the law here having had this same tactic recently rejected by another court. In *In re Signet Jewelers Ltd Sec. Litig.*, No. 1:16-cv-06728-JMF (S.D.N.Y.), GP&M filed a closely-related action captioned *Aydin v. Signet Jewelers Limited, et al.*, No. 1:17-cv-09853-RWS (S.D.N.Y.), on behalf of shareholders in a class period of less than four months based on a further corrective notice related to the underlying action in the consolidated shareholder action. The court in *Signet* ordered the action filed by GP&M consolidated, vacated the new PSLRA notice, and authorized lead plaintiff in the consolidated action to file a corrective PSLRA notice. Similarly, Pomerantz counsel for plaintiff in the *Pokoik* Action recently argued that the filing of a related action months after the lead plaintiff deadline in a previous class action is an "improper attempt to game the PSLRA process." *See* McKey Decl. at G (Memorandum of Law in Support of Intervention and Stay of PSLRA Lead Plaintiff Deadline). The situation there is similar to the one before the Court here, as a proposed lead plaintiff intervened to protect its interest in a newly-filed action that was "merely a continuation of the same fraudulently conduct alleged in the [original action]". Pomerantz argued persuasively that courts "routinely reject efforts to 'restart' the Lead Plaintiff appointment process by the filing of new complaints alleging nearly identical claims against the same defendants." *Id.* at pp. 10

## VII.     CONCLUSION

For the foregoing reasons, Lead Plaintiff Mr. Rougier, respectfully requests that the Court consolidate the Related Actions with the Consolidated Securities Action pursuant to Rule 42(a) and the PSRLA, strike any deadline purportedly triggered by the *Taneja* Notice, and order any motions seeking appointment as lead plaintiff pursuant to the *Taneja* Notice to be ineffective under the PSLRA. Further, to prevent any confusion on behalf of AOI shareholders, the Court should order publication of a corrected notice that informs AOI investors of Mr. Rougier's status as Lead Plaintiff. *See* McKey Decl., Ex. E (Proposed Notice).

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated: November 7, 2018                    *Jamie McKey*
                                           **KENDALL LAW GROUP, PLLC**
                                           JAMIE MCKEY
                                           Texas Bar No. 24025262
                                           JOE KENDALL
                                           Texas Bar No. 11260700
                                           3232 McKinney Avenue, Suite 700
                                           Dallas, Texas 75204
                                           Tel.: (214) 744-3000
                                           Fax: (214) 744-3015
                                           jmckey@kendalllawgroup.com
                                           jkendall@kendalllawgroup.com

                                           *Liaison Counsel for Lead Plaintiff and Class*

                                           **LEVI & KORSINSKY, LLP**
                                           Shannon L. Hopkins
                                           733 Summer Street, Suite 304
                                           Stamford, Connecticut 06901
                                           Tel.: (203) 992-4523
                                           Fax: (212) 363-7171
                                           shopkins@zlk.com

                                           *Lead Counsel for Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 7, 2018, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Jamie McKey*