UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MONA ABOUZIED, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>Defendants. | Case No. 4:17-cv-02399 |
| GAURAV TANEJA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>Defendants. | Case No. 4:18-cv-3544 |
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>Defendants. | Case No. 4:18-cv-3722 |

| | |
|---|---|
| STEPHEN MCGRATH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>Defendants. | Case No. 4:18-cv-3914 |

**PLAINTIFF GAURAV TANEJA'S OPPOSITION TO THE MOTION OF LAWRENCE ROUGIER FOR CONSOLIDATION OF RELATED ACTIONS**

Plaintiff Gaurav Taneja ("Taneja") respectfully submits this memorandum of law in opposition to the motion of Lawrence Rougier ("Rougier") (Dkt. No. 67, the "Motion").

Although Taneja does not oppose consolidation, Taneja requests that this Court deny Rougier's request to strike the November 30, 2018 lead plaintiff deadline triggered by notice of the *Taneja* Action.[1] Taneja has concerns regarding Rougier's position as lead plaintiff in light of his Proposed Second Consolidated Class Action Complaint ("Proposed SAC"), which significantly expands the class period and asserts new theories of liability.[2] Counsel for Taneja believes that the Court should see whether any movant comes forward and allow any such potential lead plaintiff to respond to Rougier's Motion and request to file a further amended complaint (Dkt. No. 68). *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii) (directing courts to appoint the "most adequate plaintiff" as lead plaintiff after consolidation); *In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) (reconsidering the appointment of lead plaintiff because "additional

---

[1] *Taneja v. Applied Optoelectronics, Inc., et al.*, No. 18-CV-03544 (S.D. Tex. Oct. 1, 2018) (the "*Taneja* Action").
[2] Unless otherwise specified, all terms retain the definitions identified in the Motion.

2

claims give rise to the possibility that a more appropriate lead plaintiff exists, a party which was not apprised of its inclusion in the lawsuits by the original notice"); *see also Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728-JMF, 2017 WL 1379385, at *1 (S.D.N.Y. Apr. 14, 2017) (similar).

Rougier now seeks to represent a significantly broader class than the one proposed in the initial complaint (Dkt. No. 1, the "Initial Complaint") that he was appointed to represent. After the Initial Complaint was filed, a PSLRA notice was published that identified a class period encompassing only 16 trading days, running from July 13, 2017 to August 3, 2017. *See* Dkt. No. 9-5.[3] Lead plaintiff applications were submitted, and the Court appointed Rougier as the lead plaintiff because he was the individual movant with the largest financial interest in the three-week class period. *See* Dkt. No. 44. However, the Proposed SAC will assert a class period of eighty-nine weeks, spanning February 23, 2017 to November 7, 2018—more than 26 times the length of the original class period—and encompassing many investors who did not have the opportunity to seek leadership in response to notice of the Initial Complaint. As such, investors that purchased in the expanded period should be afforded the right to respond to Rougier's Motion and Rougier's request to file the Proposed SAC. *See Signet*, 2017 WL 1379385, at *1 (reconsidering the appointment of lead plaintiff when an amended complaint expanded the class period from January 7, 2016 – June 3, 2016, to August 29, 2013 – February 27, 2017, 8.5 times the length of the original class period).

---

[3] The Private Securities Litigation Reform Act ("PSLRA") requires a notice to be published with 20 days of the filing of the complaint, informing members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and "that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Moreover, through the Proposed SAC, which will purportedly encompass the allegations of the *Taneja* Action, Rougier now seeks to litigate new claims on behalf of the class based on misrepresentations regarding manufacturing quality controls. *See Taneja* Action, Dkt. No. 1, ¶7 (alleging that "certain of the Company's lasers were susceptible to fail prematurely"). These were not claims, however, that Rougier was originally appointed to prosecute. In fact, the Initial Complaint and original PSLRA notice only informed potential lead plaintiff movants of claims that the Company failed to disclose that "a major customer was reducing its purchases of the Company's 40G receivers" and that this "would have a severe negative impact on the Company's financial performance." *See* Dkt. No. 1, Dkt. No. 9-5. As such, other potentially more adequate plaintiffs should be afforded the opportunity to respond, since "the [Proposed] Second Amended Complaint alters dramatically the gravamen of the claims alleged against Defendants." *Signet*, 2017 WL 1379385, at *1.

Finally, Rougier's previously-filed certification (Dkt. No. 9-2) evidences one purchase and one sale of AOI securities (Dkt. No. 9-3), but is silent as to any other transaction Rougier may have executed during the proposed expanded class period. Based on the record, Rougier purchased 15,000 shares of AOI securities on August 3, 2017 and sold 15,000 shares of AOI securities on August 9, 2017. *See* Dkt. No. 9-4. Because Rougier's certification was filed based on the original three-week class period asserted in the Initial Complaint and has not been updated since then, there is no information regarding Rougier's transactions in the nearly twenty-one-month class period to be asserted in the Proposed SAC, nor any information as to whether Rougier may have had a gain rather than a loss in the expanded class period. Without such information, it is not possible to determine whether Rougier is subject to unique defenses, such as a lack of standing. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (directing courts to appoint a lead plaintiff that will "adequately protect the

interests of the class," and who is not "subject to unique defenses that render such plaintiff incapable of adequately representing the class" and providing a presumption that the most adequate plaintiff is the plaintiff that "has the largest financial interest in the relief sought by the class").

As such, Taneja requests that this Court deny Rougier's request to strike the November 30, 2018 lead plaintiff deadline triggered by notice of the *Taneja* Action.

Dated: November 27, 2018

Respectfully submitted,

/s/ Willie C. Briscoe
Willie C. Briscoe
Texas Bar No.: 24001788
Southern District No.: 25157
The Briscoe Law Firm, PLLC
3131 McKinney Avenue, Suite 600
Dallas, Texas 75204
214-643-6011
281-254-7789 (Facsimile)
wbriscoe@thebriscoelawfirm.com

**GLANCY PRONGAY & MURRAY LLP**
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile    (310) 201-9160

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone:  (215) 638-4847
Facsimile:   (215) 638-4867

*Attorneys for Plaintiff Gaurav Taneja*

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record through the CM/ECF system.

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE