**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| MONA ABOUZIED, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>    Defendants. | Civil Action No. 4:17-cv-02399 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS
FOR CONSOLIDATION AND FOR LEAVE TO AMEND THE FIRST
<u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Applied Optoelectronics, Inc. ("AOI" or the "Company"), Chih-Hsiang (Thompson) Lin, and Stefan J. Murry (collectively, "Defendants") respectfully file this Response in Opposition to Plaintiff's Motions for Consolidation[1] and for Leave to Amend the First Consolidated Amended Class Action Complaint[2] (collectively, the "Motions").

## I. INTRODUCTION

Fifteen months after the first lawsuit in this case was filed and five months after briefing on Defendants' motion to dismiss was completed, Plaintiff seeks to greatly expand this matter by consolidating this litigation with three recently-filed securities actions (the "New Actions")[3] and amending the operative First Consolidated Amended Class Action Complaint (Dkt. No. 48) (the "Complaint" or "FAC") to include the claims from the New Actions. According to Plaintiff, the

---

[1] Dkt. No. 67 (filed Nov. 7, 2018).
[2] Dkt. No. 68 (filed Nov. 8, 2018).
[3] For purposes of this Response, "New Actions" refers to three securities cases recently filed in the United States District Court for the Southern District of Texas: (1) the *Taneja* Action (Case No. 4:18-cv-03544-SL), filed Oct. 1, 2018; (2) the *Pokoik* Action (Case No. 4:18-cv-03722-LR), filed Oct. 10, 2018; and (3) the *McGrath* Action (Case No. 4:18-cv-03914-LR), filed Oct. 18, 2018.

relief requested in the Motions is warranted to avoid unnecessary costs and delay because the cases involve common issues of law and fact. *See* Dkt. 67-1 at 5–7. But the allegations at issue in the New Actions are separate and distinct from the allegations in this case. Also, Plaintiff has not shown that he was impacted by any alleged misconduct underlying the New Actions. Plaintiff's proposed amendment to the Complaint would result in prejudice to Defendants and would waste time and resources to resolve another motion to dismiss. Because this litigation and the New Actions involve distinct issues and because Defendants' motion to dismiss is ripe for review, the Court should deny Plaintiff's Motions and rule on the pending motion to dismiss.

## II. PROCEDURAL HISTORY

Plaintiff Mona Abouzied filed the first lawsuit alleging violations of the federal securities laws on August 5, 2017, and that case was later consolidated with a nearly identical complaint filed by Plaintiff Chad Ludwig. The required investor notice described the claims at issue as involving alleged false or misleading statements by Defendants for a class period between July 13, 2017 and August 3, 2017 and alleged failures to disclose that "a major customer was reducing its purchases of the Company's 40G receivers."[4] The Court appointed Lawrence Rougier as Lead Plaintiff ("Plaintiff") on January 22, 2018. On March 6, 2018, Plaintiff filed the operative Complaint asserting alleged misrepresentations or omissions under Sections 10(b) and 20(a) of the Exchange Act. Defendants filed a motion to dismiss all claims on April 4, 2018 (Dkt. No. 53). Plaintiff filed a response in opposition to the motion to dismiss on May 4, 2018 (Dkt. No. 56), and briefing was completed on May 21, 2018 (Dkt. No. 57).

On October 11, 2018, Plaintiff filed a Notice of Related Cases (Dkt. No. 64) (the "Notice"), disclosing his intention to seek permission from the Court for leave to amend the Complaint to

---

[4] *See* Dkt. No. 7-1, Ex. 1 to Appendix: "Equity Alert: Rosen Law Firm Files Securities Class Action Lawsuit Against Applied Optoelectronics, Inc. – AAOI" (Aug. 5, 2017).

consolidate the instant action with the newly-filed cases. One month later, on November 7, 2018 and November 8, 2018, Plaintiff filed the present Motions. Through these Motions, Plaintiff asks the Court to: (1) consolidate this case with the New Actions, (2) grant him leave to amend the Complaint (and effectively moot Defendants' pending motion to dismiss), (3) strike the lead plaintiff deadline in the *Taneja* Action, (4) declare void any lead plaintiff applications in the New Actions, and (5) require that a corrected notice be issued confirming Plaintiff's status and authority to control the course of the proposed consolidated litigation.

Plaintiff has not shown entitlement to the relief requested. Accordingly, Defendants request that this Court deny Plaintiff's Motions and grant their pending motion to dismiss.

### III. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure grants a district court discretionary authority to consolidate cases involving common questions or law and fact. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). As the Fifth Circuit has made clear, "the purpose of consolidation is to avoid unnecessary costs or delay." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (internal quotation marks omitted). In deciding whether cases should be consolidated, courts consider a number of factors, including whether there is a risk of prejudice or confusion if the cases are consolidated and if so, whether that risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases proceed separately. *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015). "Consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

Pursuant to Federal Rule of Procedure 15(a)(2), leave to amend should be granted freely "when justice so requires," but "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The "touchstone" of the Rule 15(a) inquiry is "whether

the proposed amendment would unfairly prejudice the defense." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). As with motions to consolidate, decisions concerning motions to amend are "entrusted to the sound discretion of the district court." *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (internal citation omitted).

## IV. ARGUMENT

The allegations in the New Actions are separate and distinct from the allegations in this case and thus the cases should not be consolidated. As shown by the complete overhaul of the allegations underlying Plaintiff's proposed Second Consolidated Amended Class Action Complaint ("SAC"),[5] Plaintiff seeks to use the New Actions as an excuse to reformulate his claims and avoid dismissal. But allowing Plaintiff a second bite at the apple simply because different shareholders have recently filed new actions based on a different set of facts would result in prejudice to Defendants, who have been engaged in this litigation for over a year and have fully briefed a motion to dismiss. Moreover, Plaintiff's Motions, if granted, will result in confusion and increased administrative burdens on both the Defendants and the Court by greatly expanding the scope of the claims at issue, increasing the putative class, and muddying the theory of liability on which the consolidated action is premised. Thus, it would be a waste of the parties' and the Court's efforts to consolidate this case with the New Actions and restart the motion to dismiss process. The Court should deny Plaintiff's Motions.

### A. The New Actions Are Based on Different Facts.

The Complaint in this action covers a class period from February 23, 2017 through February 21, 2018 and is based on Plaintiff's allegations that Defendants issued public statements that materially misrepresented AOI's "ability to transition [from 40G to 100G] transceivers and

---

[5] Dkt. No. 68-4.

4

the future revenue it would get from sales of those transceivers to its largest customer, Amazon." FAC ¶¶ 1,4. According to Plaintiff, Defendants allegedly knew at the beginning of the class period that "Amazon had decreased its projected sales and AOI was scrambling to remediate pressing operational challenges associated with the transition to 100G technology." Thus, Plaintiff claims Defendants' statements during the class period that its "largest customers' demand would continue unabated" were false because "its biggest customer's forecasts contradicted this assertion." *Id.* ¶ 5. Plaintiff further complains that Defendants made false statements regarding "the benefits of the vertical integration model," *id.* ¶ 13, and "the growing threat from competitors who had opted against the vertical integration model," despite knowing "that Amazon's turn to other manufacturers using the merchant model . . . was well underway." *Id.* ¶¶ 8–9. Plaintiff alleges that the truth was revealed when the Company disclosed the decline in Amazon's demand on three separate dates, the last of which was in February 2018. *Id.* ¶¶ 168–72.

By contrast, the New Actions—which allege a class period from August 7, 2018 to September 27, 2018—take issue with the Company's disclosure in September 2018 that it was cutting its revenue guidance for the third quarter 2018 based on a product quality issue with a small percentage of 25G lasers for a specific customer (alleged to be Facebook). The New Actions do not concern Amazon's allegedly declining sales forecasts, AOI's vertical integration model, the competitive threat posed by merchant-model manufacturers, or the customer demand for AOI's 40G products. In fact, the only similarity between the allegations underlying the Complaint in this litigation and those underlying the New Actions is that both generally relate to sales of different versions of the Company's main product—its transceivers.

Plaintiff argues that these cases should be consolidated because they "are predicated on the same conduct and have nearly identical common issues of law and fact." Mot. Consol. 10. This

5

is simply incorrect. While the cases involve the same Defendants and allege violations of the federal securities laws, the similarities end there; there is no overlap in the substance of the actions, which involve different time periods, different issues, different public statements, different financial reports, different customers, different transceivers, and different corrective disclosures. *Cf. Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454-DAB, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) (finding that consolidation may be appropriate where "the complaints are based on the same public statements and reports") (internal citation and quotation marks omitted). Plaintiff also claims that the allegations in the New Actions "are simply a further corrective disclosure of the alleged misconduct asserted in the FAC." Mot. Consol. 10. But the corrective disclosure at issue in the New Actions—the September 2018 disclosure—did not reveal any alleged "failures of AOI's vertically integrated manufacturing process." *See* Mot. Consol. 10. It also said nothing about Amazon or Amazon's demand. The September disclosure stated only that the Company "identified an issue with a small percentage of 25G lasers within a specific customer environment" (alleged to be Facebook). *Id.* at 3. To put it simply, AOI's disclosure of an issue with less than one percent of certain 25G lasers for a single customer in September 2018 has no relation to whether the Company allegedly misrepresented Amazon's forecasted demand back in February 2017.

Nevertheless, Plaintiff urges that the Court should consolidate these cases because "courts faced with a ***nearly identical situation*** to here ***routinely consolidate*** later filed actions where the later actions, as here, are merely a continuation of the same fraudulent conduct alleged in the original case." *Id.* 10–11 (emphasis added). Notably, none of the cases cited by Plaintiff involves

a situation similar—much less "nearly identical"—to the instant action.[6] Plaintiff's erroneous contention regarding the nature of the allegations in the New Actions does not constitute a basis for consolidation or amendment of the Complaint.

### B. If Granted, Plaintiff's Motions Will Result in Prejudice to Defendants.

Plaintiff argues that there is no risk of prejudice or confusion from the consolidation of this case with the New Actions because the cases are "in the early stages of litigation, before any decision on a motion to dismiss or discovery has commenced." Mot. Consol. 12. Similarly, Plaintiff asserts that the proposed SAC will not prejudice Defendants because the "parties have not engaged in discovery on the current Class Period and claims alleged in the FAC." Mot. Am. 8. But this argument ignores both the procedural history in this case, as well as the increased difficulties and burden of litigating the proposed consolidated action going forward.

As an initial matter, consolidation and amendment would result in prejudice to Defendants who have already expended time and resources defending against this litigation. Indeed, this case has been ongoing for over a year, during which time the parties have complied with the PSLRA lead plaintiff procedures, Plaintiff has already filed an amended consolidated complaint, and Defendants have fully briefed their motion to dismiss. By contrast, the New Actions are in their infancy, as the investor notice period has not yet closed, and the parties in the New Actions are several months away from filing or responding to a consolidated pleading.[7] As courts recognize,

---

[6] Critically, none of the cases cited by Plaintiff—(1) *In re Sunbeam Sec. Litig.*, (2) *In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig.*, or (3) *In re Signet Jewelers Sec. Litig.*—involved a situation in which a lead plaintiff sought to consolidate an existing case with new actions where the parties had fully briefed a pending motion to dismiss.

[7] While Plaintiff suggests that the Court may simply strike the notice in the New Actions and void any lead plaintiff applications in favor of consolidating the New Actions with this litigation and allowing Plaintiff to file the proposed SAC, there are serious doubts that this requested relief would be appropriate. In particular, given that Plaintiff purchased and sold all of his AOI shares prior to the corrective disclosure alleged in the New Actions (i.e., prior to September 28, 2018), Plaintiff may not be an adequate representative for the shareholders in the New Actions. *See Parker*, 126 F. Supp. 3d at 837 (noting that where the lead plaintiff's "original loss chart only shows purchases prior to the corrective disclosures about FCPA subpoenas, [it] rais[ed] doubts about whether he even has standing to represent FCPA-related claims").

consolidation should be denied where, as here, the cases sought to be consolidated are at different procedural stages of litigation. *See, e.g.*, *In re Enron Corp. Secs., Deriv. & ERISA Litig.*, 2007 WL 446051, at *9 (S.D. Tex. Feb. 7, 2007) (denying motion to consolidate where "the procedural tracks of the case [we]re too disparate for consolidation"); *St. Bernard*, 712 F.2d at 990 (affirming district court's ruling that "consolidation would be improper because the cases were at different stages of preparedness for trial"); *cf. Dahhan v. OvaScience, Inc.*, Civ. Action No. 1:17-cv-10511-IT, 2018 WL 3429901, at *3 (D. Mass. July 16, 2018) (denying lead plaintiff's motion to consolidate securities cases where there was a fully briefed motion to dismiss in the first case and no responsive pleading yet in the later-filed action).

Moreover, granting Plaintiff leave to amend the Complaint would also result in prejudice to Defendants by allowing Plaintiff to completely reformulate his theory of liability in an attempt to avoid dismissal. Plaintiff alleges that the "additional claims in the Proposed Second Amended Complaint are nearly identical to those asserted in the FAC and seek to expand on them through Defendants' own post-Current Class Period statements and admissions." Mot. Am. 8. But as discussed above, the allegations in the proposed SAC are factually distinct and unrelated to the current allegations. These changes are impermissibly prejudicial to Defendants. *See SHM Int'l Corp.* v. *Guangdong Chant Grp., Inc.*, No. 1:14-CV-1446-ODE, 2016 WL 4204553, at *4 (N.D. Ga. June 29, 2016) (denying motion for leave to amend as prejudicial where the allegations in a proposed amended complaint were more detailed but "the additional specificity appear[ed] to focus on a different contract than the one originally alleged").

### C. The Court Should Rule on the Pending Motion to Dismiss.

Plaintiff's requested relief would also result in unnecessary delay and additional costs. If Plaintiff's Motions are granted, this litigation will be further delayed and the prior fifteen months and the extensive briefing on Defendants' motion to dismiss will be erased. *See Anglers*

8

*Conservation Network v. Pritzker*, No. 13-1761 (GK), 2014 WL 12776056, at *2 (D.D.C. April 28, 2014) (denying motion to supplement where original and supplemental claims related to the same general subject matter because it would "unnecessarily delay resolution of Defendants' Motion to Dismiss, which ha[d] already been pending for more than three months"); *Ho-Huynh v. Bank of Am., N.A.*, No. CV G-14-69, 2014 WL 12599510, at *5 (S.D. Tex. Nov. 14, 2014) (noting that "allowing leave to amend would prejudice [Defendant] in requiring an additional motion to dismiss, causing undue delay").

Rather than allowing Plaintiff to drastically expand the scope of the claims in the present litigation, Defendants respectfully request that the Court rule on the pending motion to dismiss and allow the New Actions to proceed independently. Such a course of action has no potential downside. If Defendants' motion to dismiss is granted, the parties and the Court will save tremendous resources going forward by narrowing and limiting the remaining issues to be litigated. Even if Defendants' motion to dismiss is denied, the Court will nonetheless retain the discretion to consolidate the cases at a later date if it determines that doing so will streamline discovery or trial. *See, e.g.*, *Ford Motor Credit Co. v. Rhodes*, No. 4-11-3303-MGL, 2013 WL 12242016, at *2 (D.S.C. Feb. 15, 2013) (denying a motion to consolidate without prejudice where there was an already-pending motion to dismiss and holding that "[e]ither party may move to consolidate these cases for the purposes of discovery, should consolidating for that purpose become appropriate"). Finally, such action will not result in any prejudice to AOI's shareholders. *Anglers,* 2014 WL 12776056, at *2 (finding that denial of supplementation would not result in prejudice where a separate civil action had been initiated and concluding that "those separate and distinct claims shall proceed in a separate case, as is appropriate given the factually distinct issues they present"). In fact, allowing the cases to proceed separately will further the interests of the shareholders in the

9

New Actions by providing those with alleged losses an opportunity to seek appointment as lead plaintiff. This is especially appropriate given that Plaintiff in this case has not alleged that he was impacted as a result of the alleged misconduct in the New Actions. Indeed, based upon the record, it appears that Plaintiff sold all of his shares of AOI securities in August 2017, a full year before the class period in the New Actions.[8]

## V.     CONCLUSION

The Complaint in this action fails to plead a claim for securities fraud and should be dismissed. Moreover, there is no basis for Plaintiff to amend the Complaint to incorporate unrelated claims that have allegedly impacted a different class of shareholders. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motions and rule on the pending motion to dismiss.

---

[8] *See* Plaintiff Gaurav Taneja's Opposition to the Motion of Lawrence Rougier for Consolidation of Related Actions, Dkt. No. 69 (filed Nov. 27, 2018) at 4 ("Because Rougier's certification was filed based on the original three-week class period asserted in the Initial Complaint and has not been updated since, there is no information regarding Rougier's transactions in the nearly twenty-one-month class period to be asserted in the Proposed SAC, nor any information as to whether Rougier may have had a gain rather than a loss in the expanded class period. Without such information, it is not possible to determine whether Rougier is subject to unique defenses, such as a lack of standing.").

Dated:  November 28, 2018					Respectfully submitted,

							VINSON & ELKINS LLP


							 */s/  Jeffrey S. Johnston*

							Michael C. Holmes
							  Texas Bar No. 24002307
							  Southern District Bar No. 23716
							Jeffrey S. Johnston
							  Texas Bar No. 24002368
							  Southern District Bar No. 22089
							Allison L. Fuller
							  Texas Bar No. 24087547
							  Southern District Bar No. 3096698
							1001 Fannin Street, Suite 2500
							Houston, TX 77002
							Telephone: 713.758.2825
							Facsimile: 713.615.5928
							mholmes@velaw.com
							jjohnston@velaw.com
							afuller@velaw.com

							Amy T. Perry
							  Texas Bar No. 24068623
							  Southern District Bar No. 1171440
							Emily S. Johnson
							  Texas Bar No. 24101970
							  Southern District Bar No. 3160189
							2001 Ross Avenue, Suite 3700
							Dallas, TX 75201
							Telephone: 214.220.7817
							Facsimile: 214.999.7817
							aperry@velaw.com
							ejohnson@velaw.com

							***Counsel for Defendants Applied Optoelectronics, Inc., Chih-Hsiang (Thompson) Lin, and Stefan J. Murry***

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of November 2018, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

>  */s/ Allison L. Fuller*
>  Allison L. Fuller