United States District Court
Southern District of Texas

**ENTERED**

November 24, 2020

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

LAWRENCE ROUGIER, *et al.*, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,

Defendants.

Case No. 4:17-cv-2399-VDG-CAB

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

**THIS CAUSE** came before the Court for hearing on November 24, 2020, at 9:00 a.m. (the "Settlement Hearing") on Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *Globe Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, (the "Stipulation") filed with the Court on August 3, 2020 (ECF 143-2), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons entitled thereto.

4.      Lead Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $ 5,301,199.00     , plus interest at the same rate earned by the Settlement Fund,  and  payment of litigation expenses in the amount of $  167,289.09       , which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      Plaintiffs' Counsel devoted more than 9,784.76 hours, with a lodestar value of $5,301,199, to achieve the Settlement;

(b)      The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(c)      Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(d)      Plaintiffs' Counsel represented Plaintiffs and the Settlement Class to the preclusion of other employment;

(e)      The amount of attorneys' fees awarded is fair and reasonable and consistent with fee awards approved in similar cases within this Circuit and across the country;

(f)      Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(g)      The Settlement has created a fund of $15,500,000 in cash, pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit

acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(h)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(i)     The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Plaintiffs who were directly involved in the prosecution and resolution of the Action and who have significant interests in ensuring that any fees paid to counsel are duly earned and not excessive; and

(j)     135,734 copies of the Notice were sent to potential Settlement Class Members and nominees in advance of the deadline for filing claims, with an additional 20,412 copies of the Notice sent thereafter to potential Settlement Class Members and nominees whose identities were not previously known, stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed one-third (33 and 1/3%) of the Settlement Fund and expenses in an amount not to exceed $630,000, and there were no objections to the requested attorneys' fees and expenses.

7.     Lead Plaintiff and Class Representative Lawrence Rougier is hereby awarded $ 15,000.00    and Plaintiffs and Class Representatives Richard Hamilton, Kenneth X. Luthy, Roy H. Cetlin, and John Kugel are hereby awarded $ 10,000.00    each from the Settlement Fund as reimbursement for their reasonable costs directly related to their representation of the Settlement Class.

8.      Any appeal or challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgement.

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this ___24th___ day of ___November___, 2020

BY THE COURT:

_____
Honorable Vanessa D. Gilmore
UNITED STATES DISTRICT JUDGE